IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

IN RE:

PHILLIP L. PEED and
DEBORAH PEED,

      Debtors.

CHAPTER 13
CASE NO.: 09-15486

PHILLIP L. PEED and
DEBORAH PEED,

      Plaintiffs,

vs.

SETERUS, INC., Servicer for Federal
National Mortgage Association; and
JPMORGAN CHASE BANK, N.A., successor
by merger to, CHASE HOME FINANCE LLC;
FEDERAL NATIONAL MORTGAGE
ASSOCIATION ("Fannie Mae"); and
STEPHENS, MILLIRONS, HARRISON &
GAMMONS, a Professional Corporation,

      Defendants.

ADVERSARY PROC. NO. <u>12-00028</u>

### RESPONSE TO MOTION TO DISMISS OF STEPHENS MILLIRONS

      Come now the Plaintiffs, through undersigned counsel, and file herewith their response to the Motion to Dismiss (ECF 5) filed by the defendant Stephens, Millirons, Harrison & Gammons, as follows:

## I. INTRODUCTION

Stephens, Millirons, Harrison & Gammons (hereinafter "SM") seeks dismissal of the complaint against it by the filing of a motion to dismiss at ECF 5. For the reasons set forth in this response that motion is due to be denied.

## II. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*; accord *Ashcroft v. Iqbal, 556 U.S. --, 129 S. Ct. 1937, 173 L. Ed. 2d 868, 884 (2009)*. This "plausibility" standard replaces the traditional standard, under which the movant was required to show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)*. During this threshold review, it is immaterial whether plaintiff will ultimately prevail. *Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)*. In *Twombly*, the Supreme Court distinguished "plausible" claims from allegations that were merely "conceivable," and stated that the Court "[did] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id. at 570, 127 S. Ct. at 1974*. The Supreme Court explained that a complaint "does not need detailed factual allegations," but the allegations "must be enough to raise a right to relief above the speculative level." *Id. at 555; 127 S. Ct. at 1964-65*. Furthermore, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id. at 556, 127 S. Ct. at 1965 (quotation marks omitted)*. *Speaker v. United States HHS CDC & Prevention, 623 F.3d 1371, 1380 (11th Cir. Ga. 2010)*.

## III. ARGUMENT

### a. CERTAIN COUNTS OF THE COMPLAINT ARE NOT DIRECTED AT STEPHENS MILLIRONS AND REQUIRE NO ANALYSIS BY THE COURT

The Plaintiffs do not make claims directed at SM related to counts two, three, four and six. The remaining claims in the lawsuit include allegations of wrongdoing at least partially directed at SM. Because no portion of claims two-four and six are directed at SM it is unnecessary for the Court to analyze those counts in this motion.

### b. THE PEEDS HAVE STATED VALID CLAIMS AGAINST STEPHENS MILLIRONS AND ITS MOTION SHOULD BE DENIED

#### i. COUNT ONE-VIOLATION OF THE AUTOMATIC STAY

The allegations against SM related to the violation of the automatic stay are very simple and are addressed in paragraph 98(a) as they relate to this defendant. The plaintiffs' home is "under water" and under-secured. Pursuant to the plain language of 11 U.S.C.S. 506(b) the defendants cannot assess fees to the plaintiffs' account in this scenario. What's more, the fact that this mortgage is under-secured is apparent from the face of the documents submitted to the Court as referenced in paragraph 130 of the complaint. These facts demonstrate that SM's conduct violated the automatic stay in this case by seeking fees from the estate to which SM was not entitled.

#### ii. COUNT FIVE-IMPROPER AND UNAUTHORIZED FEES

SM, as alleged in the foregoing argument, sought fees in violation of Section 506(b) of the Code. SM is an experienced creditor's rights firm with extensive practice before the bankruptcy courts of the State of Alabama. SM is fully aware of the restrictions on the collection of fees from the debtors in the present fact pattern but nevertheless sought fees from the debtors in violation of the Code.

### iii. COUNT SEVEN-NEGLIGENCE

Again, count seven of the complaint as it relates to SM deals with this defendant seeking fees for its preparation of the POC in spite of the prohibition set forth in 506(b) of the Code. As it relates to the wrongdoing of this defendant the Court might consider this count to be duplicative of or to be subsumed by the allegations of Count one or Count five.

### iv. COUNT EIGHT-WANTONNESS

The facts alleged in this complaint which support a claim of wantonness against SM are found at paragraphs 30-37 (preparation of a false mortgage assignment), paragraphs 38 (fees for POC), paragraphs 65-66 (preparation of an incorrect motion for relief and fact summary), paragraphs 72-79 (preparation and submission of a motion for relief containing a facially defective affidavit and materially inaccurate statements of fact). Numerous Bankruptcy Courts have found this type of conduct inappropriate and sanctionable. *In re Gorshtein, 285 BR 118, 125 (Bankr. S.D.N.Y. 2002)*. "Rule 9011 of Federal Bankruptcy Procedure imposes requirements upon parties and attorneys who make a presentation to the Court by 'a petition, pleading, written motion, or other paper' which is signed by an attorney or represented party." As in the four motions at issue in *Gorshtein*, the motion at issue in the instant case "do[es] not fall within the safe harbor of good faith mistake or zealous advocacy within the bounds of law and ethics." *Id. at 126*. "The certification…that the debtor had failed to make any post-petition payments for 'X' months prior to the date of certification was just plain false." *Id*. *Gorshtein*'s decision was "published to make clear to secured creditors and counsel that motions for stay relief based upon false certifications are unacceptable." *Id. at 127*. The decision advised secured creditors and their counsel to "exercise due care in moving for stay relief; to examine, distinguish between and provide details of pre-petition arrears, if any, and post-petition arrears, late fees, escrow

payments, attorneys' fees or other charges; to determine whether any post-petition payments…have not been credited to the debtor's account because [they were] erroneously applied…or were held or deposited in a suspense account…and to *disclose* all such relevant facts to the Court in an affidavit sworn to by a person certifying that he/she has personal knowledge of the facts based upon his/her personal examination of the creditor's relevant books and records." *Id*. "The Secured Creditor's motion to lift the stay is a 'poster child' for the type of abuse condemned in the Gorshtein decision." *In re Fagan, 376 BR 81, 82 (Bankr. S.D.N.Y. 2007)*. "…debtors must not be subjected to the risk of foreclosure and loss of their homes on the basis of false certifications of post-petition defaults." *Id*. "When a secured creditor requests relief from the automatic stay, the Court must be able to trust that the motion is based upon a realistic and conscious assessment by the creditor, before the motion if filed, that the creditor really does lack adequate protection under the facts in that particular case." *In re Taylor, 407 BR 618 (Bankr. E.D.Pa. 2009)* citing *In re Schuessler, 386 B.R. 458, 478 (Bankr. S.D.N.Y. 2008)* (finding that what Chase chose to include and omit from its motion created misleading view of the facts). *In re Cabrera-Mejia, 402 B.R. 335 (Bankr. C.D.Cal. 2008)* (law firm sanctioned under Rule 9011 and Bankr. Rule 105(a) after filing twenty-one motions for relief from stay without factual investigation and without properly authenticated documents to support its claim). *In re Haque, 395 B.R. 799 (Bankr. S.D.Fla. 2008)* (law firm and Wells Fargo jointly and severally sanctioned for filing 45 false affidavits related to motions for relief from stay in which a bogus "penalty interest" fee was charged to debtors). *In re Osborne, 375 B.R. 216 (Bankr. M.D.La. 2007)* (attorney sanctioned for filing affidavit alleging debtor default on agreement despite attorney's lack of personal knowledge). *In re Rivera, 342 B.R. 435 (Bankr. D.N.J. 2006)* (sanctions imposed on foreclosure law firm for filing default affidavits in stay relief motions using "blanks"

that were pre-signed by employee who no longer worked for servicer), *aff'd 2007 WL 1946656 (D.N.J. June 29, 2007)*. *In re Parsley, 384 BR 138, 143 (Bankr. SD Texas 2008)* (the reason for withdrawal of a motion to lift stay "is suspect if, after the date of the filing of the motion, the movant discovers that the motion contains inaccurate factual allegations about the debtor's default"). Bankruptcy courts, in reliance upon affidavits in support of motions, have granted relief from stay and foreclosure actions thereafter ensued. *In re Osborne, 375 B.R. 216 (Bankr. M.D.La. 2007)* (creditor and its law firm and one associate attorney were sanctioned, jointly and severally, because the attorney, without any personal knowledge, signed an affidavit in support of relief from stay declaring that the debtor had defaulted on her loan to the creditor when, in fact, the debtor was not in default).

### v.      COUNT NINE-VIOLATION OF THE FDCPA

Count nine of the complaint states a cause of action against the defendants for violating the FDCPA numerous times. SM makes no objection to this count and does not argue that this count should be dismissed. However, it is clear that this Court has jurisdiction to hear this claim and it is also clear that actions by a debt collector in the Bankruptcy court which violate the FDCPA can be remedied by an Adversary Proceeding in the Bankruptcy Court.

In the case of *In re Avery, 434 B.R. 895 (M.D. Ala. 2010)* the Honorable Myron Thompson considered the grant of summary judgment in a bankruptcy case on an FDCPA claim and reversed and remanded the same for further proceedings before the Bankruptcy Court. In brief in the Avery case it was argued, by the undersigned, that Judge Thompson should expressly adopt the holding of *Randolph v. IMBS, Inc., 368 F.3d 726, 728 (7th Cir. 2004)*.

*Randolph* is the seminal circuit level case touching the interplay between the FDCPA and the Bankruptcy Code. In *Randolph* the defendants argued that the FDCPA was preempted by the

Bankruptcy Code. The Seventh Circuit engaged in a thoughtful analysis and a thorough explanation of the interplay between incongruous federal statutes holding that:

> "The Bankruptcy Code does not preempt the FDCPA because one federal statute cannot preempt another. *Id*. Two statutes that address the same subject in different ways may have one statute repeal the other implicitly or by implication; however, that is a rare occurrence." *Id*. To accomplish repeal, either there must be irreconcilable conflict between the two statutes or a "clearly expressed legislative decision that one replace the other. *Id*. The FDCPA and the Bankruptcy Code do not add up to irreconcilable conflict nor has Congress expressly stated that one replace the other. *Id*. Instead, the statutes overlap and both statutes are "easy to enforce." *Id*. "Any debt collector can comply with both simultaneously." *Id*. Each statute has coverage that the other lacks. *Id. at 731*.
>
> "The [Bankruptcy] Code covers all persons, not just debt collectors, and all activities in bankruptcy; the FDCPA covers all activities by debt collectors, not just those affecting debtors in bankruptcy." *Id*.
>
> "The FDCPA sets a lower standard of liability and provides lower damages. Id. It also deals with class actions, maximum recovery, attorneys' fees, and the period of limitations. Section 362 violations are more of a contempt of court proceeding." *Id*.
>
> The FDCPA and the Bankruptcy Code are "simply different rules with different requirements of proof and different remedies." Id. at 732. Thus, the FDCPA and the Bankruptcy Code can co-exist and courts can enforce both. Id. at 731. See *Humana, Inc. v. Forsyth, 525 U.S. 299, 119 S. Ct. 710, 142 L.Ed.2d 753 (1999).*"
>
> *Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004).*

*Randolph* went on to say that "as far as the FDCPA and the Bankruptcy Code, a demand for "immediate payment" while the debtor is in a bankruptcy case is "false in the sense that it asserts that money is due" even though that is not true due to the bankruptcy automatic stay. A debt collector's false statement, even if the speaker "is ignorant of the truth," is "presumptively wrongful under the FDCPA." Id. Section 1692e(2)(A) creates a strict liability rule. *Id. at 730*.

"Debt collectors may not make false claims, period." *Id*.

Without expressly adopting *Randolph* in his decision in *Avery* Judge Thompson reversed a summary judgment that had been entered on an FDCPA claim and sent the case back to the Bankruptcy Court for further proceedings. This finding makes clear that Judge Thompson accepted the premise in *Randolph* that the Bankruptcy Court has jurisdiction to hear FDCPA claims arising in that forum. If Judge Thompson had not accepted that premise then he could have simply withdrawn the reference and retained the FDCPA claim in his Court for trial. Nevertheless, it is clear from Judge Thompson's opinion in *Avery* that this Court may entertain and resolve FDCPA claims related to debt collector misconduct in the Bankruptcy Court.

## IV. CONCLUSION

For the foregoing reasons the Defendant's motion to dismiss is due to be denied and the Plaintiffs request that the Court deny the same.

Dated this the 15th day of May, 2012.

        Respectfully submitted,

        /s/Nick Wooten
        Nick Wooten
        Nick Wooten - Bar No. WOO084
        NICK WOOTEN, LLC
        P.O. Box 3389
        Auburn, AL 36831
        Tel. (334) 887-3000
        Fax (334) 821-7720
        Email:  nick@nickwooten.com

CERTIFICATE OF SERVICE

  I hereby certify that I have served a true and correct copy of the foregoing document on the following parties in interest either by first class U.S. Mail, postage prepaid, or via electronically on this the 15th day of May, 2012.

Joshua B. White, Esq.
Stephens, Millirons P.C.
P.O. Box 307
Huntsville, AL 35804
*Attorney for Stephens, Millirons, P.C.*

James F. Hughey III
Lightfoot, Franklin & White LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
*Attorney for JPMorgan Chase Bank, N.A.*

N. John Rudd, Jr.
Johnson & Freedman, LLC
1587 N.E. Expressway
Atlanta, GA 30329
*Attorney for Seterus, Inc. and*
*Federal National Mortgage Association*

The Debtors

John C. McAleer, III
Chapter 13 Trustee
Via ECF system

All creditors on the matrix

                /s/ Nick Wooten_____