UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

In re:

PHILLIP L. PEED and
DEBORAH PEED,   Case No. 09-15486

    Debtors.

PHILLIP L. PEED and
DEBORAH PEED,

    Plaintiffs,

v.   Adv. Proc. No. 12-00028

SETERUS, INC., et al.

    Defendants.

**ORDER GRANTING STEPHENS, MILLIRONS, HARRISON & GAMMONS' MOTION TO DISMISS**

Joshua B. White, Attorney for Stephens, Millirons, Harrison & Gammons, Huntsville, Alabama
Nicholas Heath Wooten, Attorney for Debtors, Auburn, Alabama

    This case is before the Court on Stephens, Millirons, Harrison & Gammons' Motion to Dismiss. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The Court has the authority to enter a final order pursuant to 28 U.S.C. § 157(b)(2). For the reasons indicated below, Stephens, Millirons, Harrison & Gammons' Motion to Dismiss is GRANTED.

FACTS

    On March 26, 2012, Debtors Phillip and Deborah Peed filed an adversary proceeding against Seterus, Inc. ("Seterus"), JPMorgan Chase Bank N.A. ("Chase"), Federal National Mortgage Association ("Fannie Mae"), and Stephens, Millirons, Harrison & Gammons

1

("SMHG") asserting nine causes of action that generally derive from the Debtors' mortgage loan, servicing, and treatment in bankruptcy. In brief, the following facts alleged in the complaint are relevant to the disposition of the motion to dismiss.

The Debtors entered into a loan agreement on May 10, 2007 in favor of Mortgage Electronic Systems, Inc. ("MERS") as nominee for Vision Bank. The note and mortgage associated with the loan agreement were assigned to Chase on December 30, 2009. The assignment was prepared by Steven J. Shaw, an attorney at SMHG. The assignment was signed by Tina Higgins as "Certifying Officer" for MERS. Tina Huggins is an employee of SMHG. The Debtors allege that Ms. Higgins was not properly authorized to execute the assignment. According to the complaint, the Debtors fell behind on their mortgage payments and, in November of 2009, the Debtors filed a joint Chapter 13 bankruptcy petition. Chase was listed as a creditor. The Debtors proposed a Chapter 13 plan that was eventually confirmed by the Court. The plan required the Debtors to make monthly mortgage payments directly to Chase and provided that all pre-petition mortgage arrears would be satisfied through Chapter 13 plan payments. The facts, as alleged, indicate that the Debtors complied with the plan.

SMHG filed a proof of claim in the Debtors' bankruptcy case on behalf of Chase. At some point, the servicing of the Debtors' loan was transferred to IBM Lender Processing Services, Inc. ("LBPS"). LBPS is now Seterus. The Chase proof of claim in the bankruptcy case was transferred to LBPS/Seterus on October 24, 2010. The note and mortgage were assigned to Fannie Mae on October 31, 2011. On December 15, 2011, a motion for relief from stay was filed by Steven J. Shaw of SMHG on behalf of Seterus as servicer for Fannie Mae. The motion for relief alleged that the Debtors failed to make their post-petition mortgage payments from September 2011 through December 2011. Included with the motion were an affidavit and a fact

summary sheet. The Debtors allege that the information in the affidavit and fact summary sheet was incorrect, misleading, or flawed. Mr. Shaw communicated with Debtors' counsel and, based on information provided to him, withdrew the motion for relief on January 13, 2012. The Debtors' complaint alleges that various fees and charges were added to the Debtors' loan account by the Defendants throughout the bankruptcy. The Debtors also allege that their home is currently worth less than the debt secured by it; thus, the creditor holding the mortgage and note is undersecured.

SMHG filed the underlying motion to dismiss on April 25, 2012. The Debtors responded to SMHG's motion to dismiss on May 15, 2012 and conceded that Counts Two, Three Four, and Six were not applicable to SMHG. The Court held a hearing on May 22, 2012. Counsel for Debtors withdrew Counts One, Five, and Seven as to SMHG at the hearing. Left for decision by this Court are the claims contained in Counts Eight and Nine.

LAW

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must contain sufficient factual allegations such that it raises a right to relief above the speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In assessing the merits of a Rule 12(b)(6) motion, the Court must assume that all factual allegations set forth in the complaint are true. *See, e.g. Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002). Because all factual allegations are taken as true, the failure to state a claim for relief presents a purely legal question. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1269 n.19 (11th Cir. 2009).

As to SMHG, the remaining counts, Counts Eight and Nine, fail to state a claim upon which relief can be granted.

3

Count Eight alleges wantonness on the part of SMHG. This claim is based on state law. The Debtors assert that the following conduct supports a claim of wantonness: (1) preparing a false mortgage assignment, (2) imposing fees for filing a proof of claim, (3) preparing and filing an incorrect motion for relief and fact summary, and (4) preparing and submitting a motion for relief from stay with a facially defective affidavit and materially inaccurate statement of facts. Under Alabama law, wantonness is defined as follows:

> 'Wantonness is a conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. Before a party could be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury.'

*Salter v. Westra*, 905 F.3d 1517, 1524 (11th Cir. 1990) (quoting *Stallworth v. Illinois Cent. Gulf R.R.*, 690 F.2d 858 (11th Cir. 1982)). The Debtors cite *In re Gorshtein*, 285 B.R. 118, 125 (Bankr. S.D.N.Y. 2002), in support of their wantonness claim. The court in *Gorshstein* found actions similar to those alleged here to be actionable. However, to remedy the objectionable conduct by the attorneys in that case, the *Gorshstein* court imposed sanctions pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 9011. Indeed, all of the cases cited by the Debtors involved sanctions rather than damage awards. Here, the Debtors allege the tort of wantonness and ask for consequential and punitive damages. The Court has located no cases supporting the theory that a creditor's attorney can be subject to civil liability pursuant to a wantonness claim for actions taken on behalf of his/her creditor client by filing motions or proofs of claim in a bankruptcy case. The appropriate remedy for attorney misconduct is the imposition of sanctions pursuant to Rule 9011, § 105(a), or a contempt action. *See In re Phillips*, 2011 WL 1770305, at *3 (Bankr. S.D. Ala. May 9, 2011). The Debtors claim of wantonness against SMHG is dismissed.

Count Nine alleges violations of the Fair Debt Collections Practices Act ("FDCPA"). It is not clear from the face of the complaint which actions of SMHG that the Debtors allege violate the FDCPA. However, in general, it is clear that the Debtors take issue with actions taken by SMHG within the bankruptcy system and within the Debtors' case. The issue before the Court with regard to Count Nine is whether actions taken by a law firm on behalf of its creditor client, including filing an allegedly flawed motion for relief from stay, can support a claim under the FDCPA against that firm when the action taken is authorized by the Bankruptcy Code and Bankruptcy Rules. This Court answers that question in the negative.

Creditors' attorneys are authorized to file motions for relief from stay by the Bankruptcy Code, the Bankruptcy Rules, and by the local rules of this Court. *See* 11 U.S.C. § 362(d); Bankruptcy Rule 4001; Local Bankruptcy Rule 4001-1. Affidavits and fact summary sheets filed in support of motions for relief are common, and, in the case of affidavits, are required in this district. Clearly, the Code and Rules do not condone the filing of incorrect, flawed, or misleading motions for relief from stay or the filing of equally flawed accompanying documents. Likewise, this Court does not condone such actions because the real-world consequences to debtors are too significant. *See Gorshstein*, 285 B.R. at 120-121; *In re Brannan*, 2011 WL 5331601 (Bankr. S.D. Ala. November 7, 2011). It is clear that remedies exist within the bankruptcy system for such conduct via motions for sanctions, including contempt and Bankruptcy Rule 9011.

Nonetheless, the Debtors insist that an offending attorney or law firm may also be subject to a FDCPA claim for filing an erroneous motion for relief from stay, with equally flawed supporting documents. The Debtors rely on *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) for that proposition. The *Randolph* court addressed the interplay between the Bankruptcy Code and the FDCPA. This Court agrees with the *Randolph* court's holding that "the Bankruptcy

5

Code of 1986 does not work an implied repeal of the FDCPA" and that the two acts can coexist under appropriate circumstances. *Id*. at 732-33. However, the *Randolph* decision is distinguishable from the issue at hand. There, the Seventh Circuit narrowly held that the FDCPA was not preempted or precluded by the Bankruptcy Code with regard to actions that amounted to violations of the automatic stay. *Id*. In *Randolph*, a "debt collector"[1] sent collection letters to the debtor during the pendency of the debtor's bankruptcy case in violation of the automatic stay. Here, SMHG, pursuant to the Bankruptcy Code and Rules, filed a motion for relief from stay on behalf of its creditor client. The relevant distinction is that SMHG's actions were made *within* the bankruptcy system by utilizing bankruptcy practice and procedure. In contrast, the actions considered in *Randolph* involved actions *outside* of the bankruptcy system, i.e., sending letters to a debtor in violation of the automatic stay. A similar circumstance would involve debt collection activities following a debtor's discharge in violation of the discharge injunction. Unlike filing a motion for relief from the automatic stay, those actions are not authorized by the Bankruptcy Code. The action taken by SMHG in this case, though potentially flawed, was an action consistent with the rights available to creditors and their attorneys through the bankruptcy system. Several courts have made the same distinction with regard to actions taken pursuant to the Code and Rules versus actions taken outside the bankruptcy system. *Bacelli v. MFP, Inc.*, 729 F.Supp.2d 1328, 1336-37 (M.D. Fla. 2010); *In re Chaussee*, 399 B.R. 225, 237-38 (B.A.P. 9th Cir. 2008); *In re McMillen*, 2010 WL 2025610, at *3-*4 (Bankr. N.D. Ga. February 25, 2010); *In re Poteet*, 2011 WL 3626696, at *5-*6 (Bankr. E.D. Tenn. August 17, 2011).

---

[1] Debt collector is a term used in the FDCPA to refer to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a. SMHG meets the definition of debt collector in this case.

It is this Court's opinion that attorneys or law firms are not subject to liability under the FDCPA for taking actions to protect their clients' rights in Bankruptcy Court pursuant to any procedure outlined in the Code and Rules. *See Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 95-96 (2d Cir. 2010). As stated by the *Simmons* court, "[i]t is difficult for this Court to understand how a procedure outlined by the Bankruptcy Code could possibly form the basis of a violation under the FDCPA." *Id*. The Debtors' Count Nine, as against SMHG, is dismissed.

In sum, the Debtors failed to state a claim against SMHG upon which relief may be granted. The actions of SMHG alleged by the Debtor, if true, are more correctly addressed pursuant to Bankruptcy Rule 9011 or a contempt action.

IT IS ORDERED

1. Stephens, Millirons, Harrison & Gammons Motion to Dismiss is GRANTED.

2. All Counts in the Debtors' complaint, including Counts Eight and Nine, are DISMISSED with prejudice as against Stephens, Millirons, Harrison & Gammons.

3. This adversary proceeding is set for a pre-trial hearing on June 26 at 8:30 a.m.


Dated: June 4, 2012


/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE